Filed 2/27/15  Zhao v. Young CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| CHARLIE ZHAO,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>SUZIE YOUNG,<br><br>    Defendant and Respondent. | B253721<br><br>(Los Angeles County<br>Super. Ct. No. GD044309)<br><br>**ORDER MODIFYING OPINION AND DENYING PETITION FOR REHEARING**<br>[There is No Change in Judgment] |

THE COURT:

GOOD CAUSE appearing, the opinion filed February 4, 2015, in the above entitled matter is hereby modified as follows:

On page 1 in the Caption, delete CHARLIE ZHAO, Plaintiff and Appellant, and replace it with CHARLIE ZHAO, Respondent.

On page 1 in the Caption, delete SUZIE YOUNG, Defendant and Respondent, and replace it with SUZIE YOUNG, Appellant.

On page 1 in the counsel listing, delete Suzie Young, in pro. per., for Plaintiff and Appellant, and replace it with Suzie Young, in pro. per., for Appellant.

On page 1 in the counsel listing, delete Charlie Zhao, in pro. per., for Defendant and Respondent, and replace it with Charlie Zhao, in pro. per., for Respondent.

There is no change in the judgment.

The petition for rehearing is denied.

_____
RUBIN, ACTING P. J.   FLIER, J.   GRIMES, J.

Filed 2/4/15  Zhao v. Young CA2/8 (unmodified version)
# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| CHARLIE ZHAO, | B253721 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. GD044309) |
| v. | |
| SUZIE YOUNG, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Christine Byrd, Judge.  Affirmed.

Suzie Young, in pro. per., for Plaintiff and Appellant.

Charlie Zhao, in pro. per., for Defendant and Respondent.

_____

This appeal is from the judgment entered following the first half of bifurcated marriage dissolution proceedings of appellant Suzie Young (wife) and respondent Charlie Zhao (husband).[1] At issue in this trial were wife's contentions that: (1) the marriage was void under Family Code section 2201 because husband's prior divorce from Li Lin was invalid, and (2) the marriage was voidable under Family Code section 2210, subdivision (d) because husband fraudulently induced wife's consent to marry.[2] The trial court found the marriage was neither void nor voidable. On appeal, wife contends there was insufficient evidence to support the judgment. Husband has not filed a Respondent's Brief.[3] We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The only witnesses at trial were husband, wife and wife's document expert. Also introduced into evidence were: the Joint Petition for Summary Dissolution of Marriage of "Charles Chao" and "Li Lin," filed August 4, 1989; the Final Judgment of Dissolution of Marriage of "Charles Chao" and "Li Lin," filed February 9, 1990; husband's passport issued on January 19, 2006; husband's and wife's License and Certificate of Marriage, issued on March 11, 1991; Form Interrogatories, Set No. One, propounded by wife; husband's response to those form interrogatories; receipts from law consultants "Asiamerica Group"; pages from husband's passport indicating he entered China on July 26, 2004 and left China on August 31, 2004; pages from husband's son's passport indicating he entered the United States on August 31,2004.

---

[1] Both parties are self-represented on appeal, wife was represented by counsel and husband represented himself at the trial on November 12, 2013.

[2] All future undesignated statutory references are to the Family Code.

[3] In a letter to this court dated October 28, 2014, husband states that wife is essentially asking for a retrial: "Therefore, I am not filing a formal Respondent's Brief. My response is exactly the same as what I presented [to the trial court]."

2

*A.    Husband's Trial Testimony*

Husband was born in China and his Chinese name is "Yingzhou Zhao." Because his Chinese name was hard for Americans to pronounce, husband began using the name "Charles Chao" when he first came to the United States in 1987. In China, people can change their name without legal formalities and husband did not know that there were legal procedures to change one's name.[4] Husband did not legally change his name to "Charlie Yingzhou Zhao" until 1995, when he became a United States citizen. In response to wife's form interrogatories, husband listed Charlie Yingzhou Zhao as his name, but did not identify "Charles Chao" as a previously used name. Husband used the latter name so briefly that he typically would check the box "none" on forms which ask whether he has used any other names.

Husband was still living in China when he married Li Lin in June 1985. Lin's birth name was "Lili" and that is the name that appears on their marriage certificate.[5] Lin also used the first name "Li" and it is as correct as "Lili." In January 1987, husband and Lin had a son. That same year, husband came to the United States. When husband decided not to return to China several years later, Lin asked for a divorce. Husband agreed and made arrangements with Lin for custody and support of their son, who remained in China. By then, husband had already met wife and she accompanied husband to the lawyer's office to have the paperwork drawn up for husband's divorce from Lin. In order to qualify for the summary dissolution procedures, husband and Lin agreed not to mention their son in the petition for summary dissolution. (See § 2400,

---

[4]    In fact, in California, every person has a common law right to change his or her name without legal proceedings. The statutory procedures for changing a name are "merely intended to provide a record of the change. [Citations.]" (13 Witkin, Summary of Cal. Law (10th ed. 2005) Personal Property, § 24; see also *Lee v. Superior Court* (1992) 9 Cal.App.4th 510, 514 [recognizing common law right to change name without legal proceedings; statutory proceedings provide a public record of the name change].)

[5]    Because it was in Chinese and no written translation was offered, the trial court excluded the marriage certificate from evidence.

subd. (a)(3) [use of summary dissolution procedure is conditioned on, among other things, there being no children from the relationship].)  Because Lin was in China, she authorized husband to sign her name on the petition and he did so.**6**  The Joint Petition for Summary Dissolution of Marriage was filed on August 4, 1989 (case No. D248324) (the 1989 petition).  The mailing address for husband and Lin on the 1989 petition was the address of the law firm, not husband's or Lin's home address.  A final judgment of dissolution of husband's and Lin's marriage was entered on February 9, 1990 (the 1990 judgment).  Lin still lives in China, but in 2004 husband brought their son to the United States.

Husband and wife were married on March 11, 1991, about a year after his marriage to Lin was dissolved.  Husband used the name "Charlie Yingzhou Zhao" on their marriage license.  The marriage license states that husband's previous marriage ended in dissolution.  In August 2004, while husband was in China making arrangements to bring his son and parents to the United States, wife faxed to him the 1990 judgment and pay stubs from his job, which husband needed to show immigration officials.  The pay stubs were in the name "Charles Chao."

B.      *Wife's Trial Testimony*

Wife was not with husband at the lawyer's office when the paperwork for his divorce from Lin was prepared.  Until husband's February 2012 deposition, wife did not know that husband signed Lin's name on the 1989 petition.  She would not have married husband if she knew that his divorce from Lin was obtained improperly.  Wife did not recall faxing any documents to husband in China in August 2004.

In closing argument, wife's attorney urged the trial court to "either find that this current marriage is void based upon bigamy because no personal jurisdiction over Li Lin.

---

**6**     Husband was not sure, but thought wife may have signed Lin's name on the 1989 petition.  Wife denied that she signed Lin's name and wife's document expert testified that the signature belonged to husband.  Husband accepted as true wife's recollection that she did not sign the petition on Lin's behalf.

4

[¶]  In the alternative, we would ask that the court find this marriage to be voidable based upon . . . [had wife known] her future husband had perpetrated a fraud upon the court to divorce his prior wife, she wouldn't have married him."

## C.    *The Judgment in this Case*

The trial court found the marriage was neither void nor voidable.  First, even if husband and Lin did not meet the jurisdictional requirements for a summary dissolution of their marriage, the court had no authority to set aside the dissolution of husband's and Lin's marriage.  Apparently referring to section 2405, the trial court stated:  "[T]he court can vacate a summary dissolution if either party moves to set it aside but cannot set aside the dissolution of the status of marriage. . . .  And there's no legal basis whatsoever for a third party, [wife], to try to set aside the divorce between [husband and Lin]."  In other words, husband's marriage to Lin was dissolved in 1990 and, therefore, his 1991 marriage to wife was not void as bigamous under section 2201, subdivision (a)(1).

Second, the trial court found it of no legal consequence that husband's Chinese name was spelled "Chao" instead of "Zhao" on the 1989 dissolution petition and 1990 judgment of dissolution; the evidence was undisputed that husband signed the 1989 petition to dissolve his marriage to Lin.

Third, the fact that Lin lived in China was also of no legal consequence because only one spouse must be a California resident to meet the jurisdictional requirements of section 2400, subdivision (a)(1).

Fourth, as to wife's argument that her marriage to husband was voidable under section 2210, subdivision (d) because her consent was obtained by fraud, the trial court found the 1991 marriage license "clearly disclosed that [husband] had been married once before and that the marriage license disclosed that there had been a dissolution.  So there's no question that [wife] knew that there was a prior dissolution by [husband]."  The trial court reserved all other issues, including dissolution of the marriage between husband and wife.

Wife timely appealed.

**DISCUSSION**

A.     *Substantial Evidence Supports the Finding that Husband's Marriage to Lin Was Dissolved in 1990*

Wife contends the finding that husband's marriage to Lin was dissolved in 1990 is not supported by substantial evidence.  She argues that the 1990 judgment is legally invalid because (1) it does not use husband's or Lin's "legal" names; (2) Lin was "domiciled" in China, not California when the 1989 petition was filed; (3) husband forged Lin's signature on the 1989 petition; and (4) the representation that there were no children from the relationship was false.  We are not persuaded by these arguments.

A subsequent marriage "is illegal and void" from the beginning unless the "former marriage has been dissolved or adjudged a nullity before the date of the subsequent marriage."  (§ 2201, subd. (a)(1).)  It is not enough to prove that there was a prior marriage; the party attacking the validity of the second marriage must also prove that the first marriage had *not* been set aside by a judicial decree.  (*Mazzenga v. Rosso* (1948) 87 Cal.App.2d 790, 792.)

Section 2400 et seq. authorize a simple procedure, known as "summary dissolution," for parties to obtain a divorce without a court appearance.  To qualify for summary dissolution, only one spouse must be a California resident.  (§ 2400, subd. (a)(1).)  But the procedure is only available to couples who have no children together.  (§ 2400, subd. (a)(3).)  The petition must be signed by both parties.  (§ 2401, subd. (b).)   Either *party* to a summary dissolution may bring an action to set aside the judgment.  (§ 2405, subd. (a).)  Upon proof that the parties did not meet the requirements of section 2400, the court shall set aside the judgment "regarding all matters except the status of the marriage."  (§ 2405, subd. (b).)

We review the trial court's determination of whether a prior marriage has been dissolved within the meaning of section 2201 for substantial evidence unless the facts are undisputed, in which case the application of the law to the facts presents a pure question

6

of law subject to de novo review. (*In re Marriage of Seaton* (2011) 200 Cal.App.4th 800, 806.)

As we shall explain, wife has not carried her burden to prove that husband's marriage to Lin was not dissolved by the 1990 judgment. We begin with wife's assertion that husband falsely asserted in the 1989 petition that Lin was a resident of Monterey Park, California. He did not. The 1989 petition identifies a Monterey Park address as wife's "c/o" "mailing address." As husband explained at trial, this was the address of the law firm. Husband did not state that Lin lived in California. Nor was Lin's residency in California a condition of jurisdiction. It was sufficient that husband had been a California resident for more than six months. (§2400, subd. (a)(1).) There was no dispute that this was the case.

We turn next to the undisputed fact that the 1989 petition and 1990 judgment identify the parties as "Charles Chao" and "Li Lin." There is no question that the petition and judgment relate to husband's 1985 marriage to Lin. There is no evidence that husband used the names "Charles Chao" and "Li Lin" with the intent to defraud anyone, or for any other wrongful reason. On the contrary, the evidence is undisputed that husband used the name "Charles Chao" when he first came to the United States and did not legally change it until 1995 (six years after the petition was filed), and that Lin used "Li" and "Lili" interchangeably as her given name. Whether wife was with husband when he filled out the paperwork for his divorce from Lin is immaterial since she undoubtedly knew husband was divorced; their marriage license so states. There is no evidence that wife suffered any harm arising from the fact that the 1990 judgment names "Charles Chao" and "Li Lin" as the parties. Thus, there is no legal significance to this fact and it does not invalidate the 1990 divorce. The absence of any harm to wife makes this case distinguishable from *Sousa v. Freitas* (1970) 10 Cal.App.3d 660, in which the court held that a divorce was invalid because the petition and judgment did not use the wife's correct name. In *Sousa*, Maria and Manuel de Sousa were married in Portugal and had a son. A few years later, Manuel emigrated to California, leaving his wife and son in Portugal. In 1915, Manuel changed his name from de Sousa to Freitas. In 1916, Manuel

filed for divorce from Maria "Freitas." Service of the divorce petition was by publication; in addition to misidentifying her as "Maria Freitas," the publication did not state Maria's correct address in Portugal. On the day the divorce decree was signed (but before it was entered), Manuel participated in a marriage ceremony with Catherine Afflech, to whom he remained "married" until his death in 1962. During that time, Maria continued to believe that she was Manuel's legal wife. Manuel bequeathed all of his property to Catherine and did not mention Maria in his will. In the will contest that followed, the trial court found the marriage between Manuel and Catherine was invalid because his marriage to Maria was not terminated by the divorce decree. The appellate court affirmed, reasoning, "By reason of the name change and incomplete address the trial court is supported in the finding that Maria had no notice or knowledge of said divorce action, was not served as a party to said action, and was not a party to the judgment for divorce rendered in 1919." *Sousa* was based on lack of notice and does not stand for the proposition that any variation of the names of the parties invalidates the divorce.

Although certainly troubling, the undisputed facts that husband signed Lin's name to the 1989 petition and that he falsely represented there were no children from the relationship are also insufficient to invalidate the 1990 judgment of dissolution. While husband and Lin did not qualify for summary dissolution because they had a child together, and Lin did not personally sign the petition, neither fact is sufficient to invalidate the 1990 judgment regarding the status of the marriage. (§ 2405, subd. (b).)[7]

These two facts are insufficient to invalidate the 1990 judgment for another reason. The " 'validity of a divorce decree cannot be contested by a party who has procured the decree or a party who has remarried in reliance thereon, or by one who has aided another to procure the decree so that the latter will be free to remarry.' " (*Spellens v. Spellens* (1957) 49 Cal.2d 210, 217-218.) Here, from husband's testimony that wife was with him when he signed Lin's name to the petition, the trial court could reasonably

---

[7]     Such misstatements might have been sufficient to undo property and support issues if either husband or Lin had moved to vacate their divorce.

infer both that wife knew that husband was signing the petition on Lin's behalf and falsely stating that there were no children from his relationship with Lin, and that, by her presence, wife was aiding him in procuring the divorce from Lin. Under *Spellens*, wife is therefore estopped from challenging the validity of the 1990 judgment on the grounds that husband signed Lin's name to the petition and falsely represented that he and Lin had no children. That wife testified she was not with husband and did not know he signed the petition until his 2012 deposition does not change our analysis. The trial court was entitled to credit husband's testimony and discredit wife's.

B.      *Substantial Evidence Supports the Trial Court Finding that Wife's Consent to Marry Was Not Obtained by Fraud*

Wife contends that insufficient evidence supports the trial court's finding that husband did not fraudulently induce wife's consent to marry. The gist of her argument is that husband filed for divorce from Lin under the name "Charles Chao" with the intent of keeping that marriage a secret, and she did not know of husband's prior marriage until his 2012 deposition. The record is to the contrary.

A marriage is "voidable and may be adjudged a nullity" if, at the time of the marriage, "the consent of either party was obtained by fraud, unless the party whose consent was obtained by fraud afterwards, with full knowledge of the facts constituting the fraud, freely cohabited with the other as [husband or wife]." (§ 2210, subd. (d).)

Here, as already noted, husband was not required to take any legal steps to change his name from "Chao" to "Zhao." There is no evidence that husband used the name "Chao" in his divorce from Lin so as to keep the divorce secret from anyone, including wife. On the contrary, husband's testimony that wife accompanied him to the lawyer to fill out the paperwork for his divorce from Lin is sufficient to show that wife knew of the divorce. Even if wife did not accompany husband, husband's and wife's 1991 marriage license states that husband was a divorced man. On this record, it strains credulity to believe wife would not have married husband had she known of the irregularities in his divorce from Lin.

9

Wife fares no better with her argument that she would not have married husband if she knew of the misrepresentations he made on the 1989 petition, which wife characterizes as "crimes of moral turpitude." Once again, we observe that husband's testimony that wife was with him at the law office when he filled out the paperwork for his divorce from Lin is sufficient to establish that wife knew of all the misrepresentations and misstatements of which she now complains.

## DISPOSITION

The judgment is affirmed. Husband shall recover his costs on appeal.


                                        RUBIN, ACTING P. J.

WE CONCUR:



        FLIER, J.



        GRIMES, J.